Wilson, et al. v. Hines, et al.

---

CASE 39—CONTESTED ELECTION—MAY 5.

# Wilson, et al. v. Hines, et al.

APPEAL FROM WARREN CIRCUIT COURT.

| 99 | 221 |
|---|---|
| 103 | 452 |
| 99 | 221 |
| 108 | 318 |
| 99 | 221 |
| e110 | 268 |

| 99 | 221 |
|---|---|
| j112 | 31 |
| j112 | 39 |
| j112 | 49 |
| 112 | 64 |
| 99 | 221 |
| 113 | 867 |
| 99 | 221 |
| 119 | 64 |

| 99 | 221 |
|---|---|
| 130 | 504 |
| 131 | 338 |
| f134 | 709 |

1. CONTESTED ELECTION—BOARD OF CONTEST—JURISDICTION—APPEAL.—A contested election board has jurisdiction to determine the constitutionality of the act under which the election in question was held; and a judgment by it to the effect that the act under which the election was held is unconstitutional, and the election therefore void, is a final judgment from which an appeal may be prosecuted.

2. NOTICE OF CONTEST—GROUNDS—AMENDMENT.—Although the statute regulating election contests requires that the notice shall state the grounds of the contest, and provides that none other shall afterwards be heard as coming from said party," still he is

not precluded thereby from amending and making more specific and definite any ground that is embraced in the notice. (Civil Code, sec. 134.)

3. CONSTITUTIONAL LAW—PASSAGE OF ACT.—The act of August 6, 1892, known as the Local Option Law, must be taken to have been passed in conformity to all the requirements of the Constitution with reference to the enactment of laws. (Lafferty v. Huffman, *ante*.)

4. LOCAL OPTION ELECTION—RECEIVING PETITION FOR BY COUNTY JUDGE.—Under the provisions of the act of August 6, 1892, requiring the county judge, at the "next regular term" of the county court, after receiving the petition for an election, to make an order therefor on some day not earlier than sixty days after said application is lodged, it is necessary that the petition should be received in court and a record made of it. And an election held where the petition was received by the county judge out of court on one day, and the election ordered the next day, which was the first day of the term, is void.


J. A. MITCHELL FOR APPELLANT.


1. The contestants had no right under the statute to file new grounds of contest, or amend the grounds in the original notice. (Ky. Stats., sec. 1535; Cowan v. Prowse, 93 Ky., 163.)

2. The contest board had no power, nor had the lower court on appeal from the decision of the board, to try and determine the constitutionality or validity of the act under which the election was held. (Seeman v. Hinton, 1 Duv., 41.)

3. The courts will not resort to the journals of the two Houses of the legislature, or either of them, to ascertain whether a bill was passed in the manner required by the Constitution, but will assume that it was so done. (Norman v. World's Fair Managers, 93 Ky.; Field v. Clark, 143 U. S., 661 and cases there cited; Grobe v. Cushman, 45 Ill., 124; People v. Wolfe, 62 Ill., 253.)

4. The petition was received by or lodged with the county judge before the beginning of the term of the county court at which the order was entered, and that was a compliance with the statute.

5. But if the act of August 6, 1892, was void, the election was valid under the general local option law of 1874.


E. W. HINES ON SAME SIDE.


1. The granting in the charter of cities of the third class such cities the power "to license, tax and regulate the sale of spirituous,

Wilson, et al. v. Hines, et al.

vinous and malt liquors in the city, or within one mile thereof," does not operate to repeal the provisions of the general local option law as to the city. (Const. of Ky., sec. 61.)

SIMS & COVINGTON FOR APPELLEES.

1. The board of contest only decided that it had no right to compare the vote or certify the vote either way, and that was not a judgment from which an appeal could be taken. The contestee's only remedy was by writ of mandamus to compel them to do so. (Sec. 477, Civil Code; Am. & Eng. Enc. of Law, vol. 14, p. 105; Page v. Hardin, 8 B. M., 651; Batman v. Megowan, 1 Met., 538; Cox v. Kash, 1 Bush, 201; Clark v. McKenzie, 7 Bush, 527; Gayle v. Owen Co., 83 Ky., 61.)

2. The board had jurisdiction to hear and determine all the questions raised in the various grounds of contest including the validity of the act under which the election was held. (Cowan v. Prowse, 93 Ky., 156; Broaddus v. Mason, 16 Ky. Law Rep., 40; Robertson v. State of Indiana, 10 N. E. Rep., 600.)

3. The contestants had the right to amend and make more explicit the grounds set out in the notice of contest. (Am. & Eng. Enc. of Law, vol. 6, p. 407.)

4. The local option law was not passed in the manner required by the Constitution, and is therefore void. (Norman v. Board of World's Fair Managers, 93 Ky., 537; Varney v. Justice, 86 Ky., 601; Black's Constitutional Law, p. 285: Ryan v. Lynch, 68 Ill., 160; Banks v. Ottawa, 105 U. S., 667; Cooley's Constitutional Limitations, p. 162; Greenleaf on Evidence, secs. 480-1-2-3.)

5. The order for the election was prematurely made, as it was made at the term when it was received within the meaning of the local option law.

WRIGHT & McELROY ON SAME SIDE.

1. There was no such judgment by the board as could be appealed from, and the appeal should have been dismissed. (Am. & Eng. Enc., pp. 105 and 108; 1 Met., 538; Clark v. McKenzie, 7 Bush, 527; Taylor v. Owens, 83 Ky., 61.)

2. The order for the election was void because it was prematurely made. It should not have been entered until the following term after the record showed that the petition was received. (Doores v. Varnon, 15 Ky. L. R., 244; Neece v. Commonwealth, 78 Ky., 588.)

3. The local option law was not passed in the manner required by the

Wilson, et al. v. Hines, et al.

Constitution, and is, therefore, void. (Norman v. World's Fair Com'rs, 14 Ky. L. R., 529; Am. & Eng. Enc., sec. 6, p. 293.)

4. The local option law is repealed in so far as it applies to cities of the third class by the charter for cities of that class. (Haynes v. Com., 15 Ky. Law Rep., 8; Gifford v. Commonwealth, Law Rep., 437.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

This case is before us on appeal from the judgment of the Warren Circuit Court in a case involving the validity of an election held in the city of Bowling Green on the 1st day of July, 1893, under the "local option act" of August 6, 1892 (chapter 89 of Session Acts of 1891-2-3). The election was on the proposition whether spirituous, vinous or malt liquors should be "sold, bartered or loaned" in the said city, which was submitted by the county judge upon petition of the requisite number of voters in the different voting precincts of the city, by an order made in the county court on Monday, the 24th day of April, 1893, it being the first day of the April term of the court in that year, the petition having been received by the judge on the day before. The election resulted in a majority of twenty-eight against the traffic, which was ascertained and certified as required by the statute by the canvassing board of elections of Warren county.

Within the prescribed time after the final action of the board the appellees gave notice of contest, as provided in the act, and to this proceeding the appellants entered themselves as contestees. The case was prepared and brought duly before the board created by statute for determining the contested elections of county officers, jurisdiction being conferred on the board in such cases by the act.

There were several grounds of contest set out in the notice, all of which were controverted by the contestees,

Wilson, et al. v. Hines, et al.

either by denial or by demurrer, but it will be necessary for us to notice only two of them.    These are, first, that the law under which the election was held was not valid, but was unconstitutional and void; and second, that the order for the election was made by the county judge, not at the next regular term of the county court, after he received the petition, but on the day the petition was received by him.

After the notice was given and after the names of the contestees had been entered, and more than ten days after the final action of the contesting board, the contestants attempted to amend the first ground of  contest, above named (it being the eighth ground stated in the notice), by setting forth in detail the reasons for the alleged invalidity of the act under which the election was held, the object being to show that the act of August 6, 1892, was not passed in the manner prescribed in the Constitution so as to become a valid and binding law, which proposed amendment was filed in the clerk's office.

This was objected to by the contestees before the contesting board, which, against the objection of the contestees permitted the amendment to be filed, on the motion of the contestants, for the purpose, as was claimed, of making that ground more definite.

Upon the trial the contesting board refused, in its final action, to pass on any of the grounds of contest alleged except the eighth, as amended, and upon that decided that the act of August 6, 1892, was "unconstitutional and void," and that it conferred upon the board "no authority for any purposes whatever," and thereupon adjudged that the board had "no authority to compare the vote or to certify a majority of the vote either way.    The contestees prosecuted an appeal from this action of the board to the circuit court.

When the case came up for trial on the appeal, the appellees moved the court to dismiss the appeal on the ground that the action of the contesting board was no judgment that could be appealed from. The court overruled the motion to dismiss, and this is complained of as error by counsel for the appellees, whose contention is that the remedy of the appellants was not by appeal, but by a mandamus to compel the contesting board to proceed to try the case and to decide the contest one way or the other. It is manifest that the ruling of the court in this regard was right. The action of the contesting board was in effect a judgement in favor of the contestants, that the result of the election was not to prohibit the traffic in liquors in the city of Bowling Green, and of that judgment the contestees had the right to complain and to have corrected and reversed by appeal if erroneous.

With reference to that judgment, however, counsel for appellants insist that the contesting board had no jurisdiction in this contest of the question as to the invalidity of the act of August 6, 1892, on the grounds alleged in the amendment which the contesting board permitted to be filed, or in the eighth ground of contest as amended; first, because the board had no lawful authority to permit the grounds of contest stated in the notice to be amended and second, because the board had no right to decide upon the question of the invalidity of the act, even if it was proper to permit the grounds of contest to be amended.

The first objection can not be sustained. The law regulating such contests (Kentucky Statutes, section 1535), requires that the notice shall state the grounds of the contest and provides that "none other shall afterward be heard as coming from such party." Under this statute a

Wilson, et al. v. Hines, et al..

contestant is not allowed to set up, by way of amendment, an entirely new ground of contest, in addition to those stated in his notice, but he is not thereby precluded from amending and making more specific and definite any ground that is embraced in the notice.   This may be allowed, and in fact may be required to be done under the Civil Code (section 134), which applies to proceedings of this kind as well as to regular actions, and under which it was proper for the board and the lower court to permit the contestants to amend, as was done, in such a manner as to make definite the charge that the act under which the election was held was not in force and the reasons for it.   That did not in this case make a new or additional ground of contest, but simply made more definite and certain one of the grounds of contest stated in the notice.

The second objection is equally untenable.   In support of it counsel refer to the cases of Leeman v. Hinton, 1 Duvall, 40, and Commonwealth v. Jones, 10 Bush, 789, as showing that the contesting board was restricted in the performance of its functions under the statute.   But on examining these cases it will be found that it is held that the boards are restricted as to the methods by which, or the evidence upon which, they may decide questions before them rather than as to the questions which they are allowed to decide.   And we hold that under the law they are clothed with power and authority to consider and decide upon any matter or thing that is a lawful ground of contest, unless restricted by the statute which prescribes their authority and jurisdiction.   But in every case they are to be governed by the rules of evidence as well as by the law regulating their proceedings, and their action is subject to review and correction on appeal, which the statute allows.

But the lower court, in an elaborate opinion and by its judgment, held that the act of August 6, 1892, was not passed in pursuance of the method of enactment prescribed by the Constitution, and that it was on that account invalid,. and was, in fact, not a law.  The same question has been before this court in several cases, recently decided, in which it was held that the act in question must be taken to have been passed in conformity to all the requirements of the Constitution with reference to the enactment of laws. (Lafferty v. Huffman, *ante;* Commonwealth v. Shelton, *ante;* Commonwealth v. Hardin County Court, *ante.*)

We adhere to the opinion in each of these. cases, and now hold that so much of the judgment of the lower court in this case as holds that the said act was not passed in pursuance of the constitutional requirements, and was, therefore, invalid, is erroneous.  But the lower court adjudged that the action of the county judge in ordering the election at the time, the order was made was unauthorized, and that the said order was void.  In this we concur.  The first section of the act made it the duty of the county judge, at the next regular term of the county court *"after receiving* the petition" of the requisite number of voters of each precinct of the territory to be affected, "to make an order on his order book directing an election to be held in the said county, city, town, district or precinct, as the case may be," on some day " not earlier than sixty days *after said application is lodged with the judge of said court."*

We have seen that the petition was handed to the county judge on Sunday, the day before the first day of the April term of the county court in 1893, and that the order directing the election to be held was made on the first day of

that term of the court.  These requirements are similar to those contained in section 4464 of Kentucky Statutes with reference to holding elections for graded schools under the common-school laws of the Commonwealth.  That section requires an election to be ordered by the county judge at the "next regular term of his court after he receives said petition" of a certain number of legal voters who are tax-payers, the election not to be "earlier than forty days from the date of the order."

That section has been construed to require the county judge to make the "receiving" of the petition a matter of record in his court at one term, and to order the election at the "next regular term," thereafter.  We think the same construction should be given to the first section of the act of August 6, 1892.

Counsel contend that the use of the word "lodged" in the latter act requires a different construction of it from that given to section 4464 of Kentucky Statutes, in Doores v. Varnon, 94 Ky. Rep., 507, and in Webb v. Smith, 17 Ky. Law Rep., 1308, but in this view we do not concur.  We do not understand the word " lodge" when used with reference to such matters to mean simply to leave with or in the possession of the officers.  In our opinion it imports that the instrument or writing "lodged" is to be made a matter of record in some way, and in this case is not to be construed differently from the word "received" as used in this act and in the section of the Kentucky Statutes referred to; and in our opinion it was intended that the petition should be "received" in court and there made a matter of record by the proper order entered on the order book showing that it has been received and filed, and the purpose of it, and that the order for the election should be made at the next

regular term of the court thereafter. It follows that in this case the order for the election was not made at the proper time, and the election was not lawfully held.

For the reasons given the judgment of the lower court is affirmed.

The court delivered the following response to a petition for rehearing, Oct. 1, 1896:

Counsel for the appellants, in their petition for a rehearing, ably argue that the court erred in the construction put upon the first section of the act of August 6, 1892, on which the judgment of the court below was affirmed, and endeavor to distinguish this case from Doores v. Varnon and Webb v. Smith.

In the conclusion of their petition they say that the rule laid down "for the first time in this case" is "a rule in direct conflict, not only with the plain language of the statute, but in conflict with the ruling of the court, just one month before in the case of Commonwealth v. Shelton, ante," but after carefully reviewing the opinion in the light of the argument of the petition of the learned counsel and the authorities quoted by them, we see no reason why the rule laid down in the opinion, and which is so vigorously attacked by counsel, should be changed.

Section 4464 of the Kentucky Statutes, providing for holding elections in the graded common school districts under the common school laws, and section 1 of the act of August 6, 1892, providing for holding local elections with reference to the traffic in ardent spirits, both require the county judge to make an order for the election " at the next regular term" of his court after the petition is received by him, asking that the election be held. Both sections provide that the application for the election shall be made

Wilson, et al. v. Hines, et al.

to the county judge, who is required to deal with it and act upon it, as the judge of the county court, which, in the opinion of this court, means dealing with and acting upon it in open court, and not elsewhere. This is the rule laid down in Doores v. Varnon and in Webb v. Smith, and which was followed in the opinion in this case.

The former section, prescribing the duty of the judge to make the order " at the next regular term" of his court, uses the words "after he receives said petition," and the latter section uses the words " after receiving said petition." Both expressions have the same meaning, and, as construed by this court, the "receiving" of the petition must be an act of record in the court. The former section authorizes *the court*—that is, "the said judge *in said order*"—to fix the day for the election not earlier than forty days "from the date of said order." The latter section requires the ·day for the election to be named in the petition, "not earlier than sixty days after said petition *is lodged* with the judge of said court."

The court adheres to the meaning of the word "lodged" that is given in the opinion. It was manifestly intended by the Legislature to refer to the act of "receiving" the petition, or of making the application by petition for the holding of the election as the starting point from which to compute the time within which the election might be held.

Counsel are mistaken in supposing that the case of the Commonwealth v. Shelton, *ante,* was overlooked by the court in deciding this case. It was not only not overlooked but was referred to in examining the question, but it was not referred to in the opinion, because the question there decided was entirely different from the question in this

case. The question there decided was as to the proper mode of computing the time within which to hold the election or the act from which the computation was to be made. So far as it appears from the opinion in that case the question as to whether the election was ordered at the proper time was not raised in that case; and so the rule followed here is not in conflict with the ruling there, as counsel seem to think.

Not doubting that we have correctly construed the section of the statute under which the election was ordered and held in this case, the petition is overruled.