CASE 89.—ACTION BY FLOYD RATLIFF AGAINST JOHN F. PHILLIPS.—Oct. 8, ·1909.

## Phillips v. Ratliff

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant Appeals.—Affirmed.

1. Elections—Contests—Actions—Verification of Petition.—A motion to dismiss an election contest because of the failure of plaintiff to verify the petition must be overruled where it appears by the affidavits of plaintiff, his attorney and a notary, that the original petition, which was later lost, was verified, though the amended petition was not.

2. Elections—Contests—Actions—Verification of Petition.—A defendant in an election contest who answered the petition before complaining of plaintiff's failure to verify it waived the right to compel its verification.

3. Elections—Contests—Actions—Verification of Petition.—The court should not dismiss an election contest because of the failure of plaintiff to verify the petition without first giving him time and opportunity to verify it.

4. Pleading—Amendments — Substituted Petition and Amendments—Allowance.—Where the petition and amended petition were lost without plaintiff's fault, the court properly permitted the filing of a substituted petition and amended petition constituting substantially correct copies of the originals.

5. Elections—Contests—Pleadings—Amendments.—Ky. St. 1909, Sec. 1596a, subsec. 12, providing that the petition in an election contest shall state the grounds of the contest relied on, and no other ground shall afterward be relied on, does not prevent an amended petition correcting a mistake in the original petition in the statement of the number of votes received by the candidates for the office.

6. Pleading—Judgment on Pleadings.—Where the petition in an election contest gave the number of votes received by each party, showed plaintiff's election, stated specifically the num-

Phillips v. Ratliff.

ber of illegal votes cast and counted for defendant, together
with the names of the voters and the grounds of the ille-
gality of the votes, and the answer made an issue as to such
votes, without indicating what illegal votes, if any, were re-
ceived by plaintiff, and alleged that the judge of the election
failed to deposit in the ballot box the ballot of a voter, and
that such officer was guilty of misconduct without showing
what differences were made in the result, defendant was not
entitled to judgment on the pleadings, though plaintiff did not
file any reply.

W. H. FLANNERY, A. F. CHILDERS and ROSCOE VANOVER
for appellant.

L. J. WILLIAMSON, J. F. BUTLER and J. J. MOORE for ap-
pellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant and appellee were candidates for school
trustee in district No. 45, Pike county, at an election
held August 1, 1909. The election officers gave appel-
lant a certificate declaring him elected to the office,
and he thereupon qualified and undertook the per-
formance of the duties thereof. Thereafter, appellee,
by a petition filed in the Pike circuit court, contested
appellant's right to the office in question, and claimed
to have been elected to it himself by a majority of
the votes cast in the election.

The grounds of contest set forth in the petition
were, in substance, that appellee received 12 and ap-
pellant 10 votes, which entitled the former to the office
of school trustee in district 45, and made it the duty
of the election officers to issue him a certificate de-
claring him duly elected thereto. But that they ille-
gally refused him the certificate, and fraudulently
gave it to appellant instead. It was further alleged
in the petition that four of the ten votes cast and
counted for appellant were illegal, and should not

vol. 134—45

have been received or counted by the election officers —the names of the persons casting the four illegal votes and the reasons urged for their rejection being stated in the petition—and that the exclusion of these four illegal votes would have reduced the total number of legal votes cast for appellant to six, and given appellee a majority of six by actual count. It was likewise alleged in the petition that at the close of the polls, and after the election officers had inspected and counted the ballots, tabulated the vote, and publicly announced the result showing appellee elected by a majority of two votes, the clerk of the election fraudulently transferred one of the votes which had been legally cast and counted for appellee to the column of votes counted for appellant thereby making an apparent tie under color of which, by lot or otherwise, the latter, instead of appellee, was given the certificate of election. By the prayer of the petition a recount of the ballots was asked, and that the court, by proper judgment, declare appellee entitled to the office in controversy and place him in possession thereof.

Before appellant's answer was filed, appellee tendered and was permitted to file an amended petition, in which it was averred that the statements of the original petition that appellant received 10 and appellee 12 votes in the election for school trustee in district No. 45 was a mistake, and that in point of fact appellee received 23 votes and appellant 20 votes. The answer of the appellant traversed the averments of the petition as amended, and, in addition, alleged that illegal votes were cast and counted for appellee in the election for school trustee, but did not indicate by whom the alleged illegal votes were cast, how many there were, or upon what grounds

they should have been excluded.  The answer also charged George Deskins, one of the judges of the election, with fraud and misconduct in connection with the custody of the ballot box after the election.  The answer was made a counterclaim and judgment asked declaring appellant the rightful incumbent of the office in controversy.  After the filing of the answer appellee took the depositions of several witnesses, including that of Deskins, one of the judges of the election, in support of the grounds of contest, but no proof was taken by the appellant.  Upon the hearing the circuit court rendered judgment declaring appellee entitled to the office in question, and giving him possession thereof.  The judgment shows that it was rendered after a recount by the court of the ballots and ascertainment from such recount, and other evidence furnished by the depositions appearing in the record, that there were 43 votes actually cast in the election for school trustee, 23 of which were cast for appellee, and 20 for appellant; that one of the votes received by appellant—that of Harlan Maynard—was illegally cast and counted for him, Maynard having voted by marking his ballot on a table in the presence and in view of the officers of election without being sworn as required by law of one unable, as he was, to read.  The throwing out of Maynard's vote left appellant with but 19 votes, which, subtracted from the 23 votes received by appellee, left a majority in his favor of 4 votes.  Appellant, being dissatisfied with the judgment, has appealed.

He contends that the circuit court should have sustained his motion to dismiss the contest because of the alleged failure of appellee to verify the petition.  The motion was properly overruled, as it was made to appear by the affidavits of appellee, L. J. Williams,

his attorney, and George Pinson, a notary, that the original petition, which was later lost, had been verified by appellee. Besides, it appears from the record that appellant's answer was filed before complaint of appellee's failure to verify the petition was made. This being the case, he waived the right to compel a verification of the petition. And, had the objection to the want of verification been made in time, the court should not have dismissed the petition without first giving appellee time and oportunity to verify it.

Appellant complains that the court should not have allowed the substituted petition and amended petition to be filed over his objection. This contention is without reason. It clearly appears from the record that the petition and amended petition were unaccountably lost, and certainly without fault on appellee's part. The case could not well proceed without the substituted pleadings. It was indispensably necessary that they be filed; and it does not appear that they are not substantially correct copies of the originals. Manifestly their rejection by the court would have been error.

Appellant also contends that the court should not have allowed the amended petition to be filed. This contention is based upon subsection 12, Sec. 1596a. Ky. St., which provides that the petition "shall state the grounds of the contest relied on and no other ground shall afterwards be relied upon." As previously stated, the only purpose of the amendment was to correct a mistake made in the original petition as to the number of votes received by appellant and appellee, respectively, in the election for school trustee; the mistake consisting in the charge in the original petition that the number of votes received by appellee was 12 and by appellant 10, whereas the true

number, as averred in the amended petition, was 23
for appellee and 20 for appellant.  The averments
of the original petition as to the illegality of four of
the votes cast for appellant and as to other grounds
for contest were not withdrawn or changed by the
amendment, nor did it set up any new ground of
contest.  We are aware of no rule of law or practice
that will in any case forbid the filing of an amend-
ment to correct a mistake.  The court did not, there-
fore, err in permitting the filing of the amendment
in this case.  Wilson v Hines, 99 Ky. 221, 35 S. W.
627, 37 S. W. 148, 18 R. 233.

Finally, it is contended by appellant that, as the
affirmative matter of his answer and counterclaim
was uncontroverted by a reply or of record, he was
by reason of that fact entitled to a judgment on the
face of the pleadings.  We cannot sustain this con-
tention.  While it is true that the affirmative matter
of appellant's answer is uncontroverted, it presents
nothing of a material character not put in issue by
the averments of the petition and the denials of the
answer.  In other words, the petition states specific-
ally the number of illegal votes that were cast and
counted for appellant, gives the names of the voters,
and states the grounds upon which the votes should
be held illegal.  An issue is made as to these votes
by the denials of the answer, but the answer does not
indicate what illegal votes, if any, were received by
appellee.  In other words, it does not attack as illegal
any vote that was cast or counted for appellee.  It is
true paragraph 3 of the answer alleges that George
Deskins, a judge of the election, received in ballots
from the voters and placed them in the ballot box,
and that he failed to deposit in the box the ballot of
one voter.  But who was the voter whose ballot Des-

kins failed to deposit in the ballot box, and for whom had the ballot been cast? The answer does not state. Manifestly the averments referred to are mere conclusions, a denial of which was unnecessary.

It is likewise true that the fourth paragraph of the answer contains a charge that Deskins, a judge of the election, had in his custody the ballot box and key to same, and that he opened the box and changed some of the ballots. But it is not alleged that his custody of the box was illegal or unauthorized, or how many or whose ballots he changed or the manner of doing it. Nor does it appear from the averments of the pleading in whose interest the ballots were changed, or whether such alleged changes made any difference in the result. Obviously no facts are here alleged with respect to which appellee was required to take issue; for, as said in Preston v. Price, 70 S. W. 623, 24 Ky. Law Rep. 1090, also a contested election case, "even if the affirmative averments of the answer be taken as true, the contestant might still recover, if he proved the averments of the petition. * * *" In other words, the vague and indefinite affirmative matter pleaded in the third and fourth paragraphs of the answer, even though taken as confessed, is not sufficient to overcome the averments of the petition.

In view of what has been said, it is manifest that appellant was not entitled to a judgment on the face of the pleadings. The circuit court therefore, properly considered the proof in the record and its consideration, together with the recount of the ballots, removed all doubt as to the correctness of the conclusions expressed in the judgment. Indisputably appellee did receive 23 and appellant 19 votes in the election for school trustee. The ballot box had not

been tampered with, and was properly delivered to the county superintendent of schools, and the ballots were all signed by the clerk of the election whose handwriting also appears on the stub book. The only errors that occurred in the election were committed against appellee. The attempt on the part of a majority of the election officers to make a tie in the votes cast was unauthorized by the ballots or the count they made of them. No effort was made by the appellant to prove his right to the office, or to disprove the right of appellee thereto.

The judgment being in all respects correct, it is hereby affirmed.