## Kash v. Smith.

(Decided Oct. 3, 1933.)

JESSE D. KASH and A. F. BYRD for appellant.

JOHN NOLAND for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

Appellant, Jesse D. Kash, and appellee, G. Murray Smith, were candidates at the primary election held on August 5, 1933, for the Democratic nomination for the office of commonwealth attorney in the Twenty-Fifth judicial district, composed of Clark, Madison, Jessamine, and Powell counties. According to the official tabulation of the election commissioners, the appellee received a majority of 81 votes in the district.

On August 17, 1933 appellant filed in the Madison circuit court his petition contesting appellee's right to the certificate of nomination. Three grounds of contest were relied upon: (1) Error in the tabulation of the votes in Madison county and Jessamine county. (2) Illegal votes cast for the appellee in the seventeen election precincts in Jessamine county. (3) Violation of the Corrupt Practice Act (Ky. Stats. sec. 1565b-1 et seq.) by the appellee.

The allegation relative to the violation of the Corrupt Practice Act was withdrawn before any proof was taken and that ground of contest was abandoned. On August 29, 1933, the ballot boxes in Madison county were opened and a recount was made. The election commissioners of Madison county had certified that appellant had received 1,586 votes and that the appellee had received 4,322. The recount showed that appellant had received 1,588 and the appellee had received 4,322, a gain by the appellant of 2 votes. On August 30, 1933, the ballot boxes in Jessamine county were opened, and after a recount in ten of the seventeen precincts which showed that appellant had lost 6 votes and appellee had gained 1 vote, the appellant withdrew so much of his petition as charged that the results certified by the election commissioners of Madison and Jessamine counties were incorrect. The appellant, in charging illegal voting in the seventeen election precincts in Jessamine county, alleged in each instance that a number of voters, without being sworn, had voted openly and that their ballots were stamped in the presence of members of the election board and others who were present at the election; that a number of votes were cast by persons under 21 years of age, or who were nonresidents of the precinct, or were Republicans; and that all these illegal votes were cast for the appellee. He also alleged that in a number of precincts more than 20 per cent. of the total votes cast were illegal votes, and he asked that these precincts be thrown out. The number of each class of illegal votes was alleged, but the names of the illegal voters were not alleged. The court sustained a motion to strike out all that part of the petition relating to alleged illegal votes because no illegal voters were named, and after the remaining two grounds of contest had been withdrawn, the contestee moved to dismiss the petition.

On August 31, 1933, and before this motion was acted upon, appellant tendered and offered to file an amended petition in which the names of the alleged illegal voters in Jessamine county were set out. Appellee objected to the filing of this amended petition. The court sustained his objection, refused to permit the amended petition to be filed, and dismissed the original petition. From the judgment dismissing the petition the contestant has appealed.

When the election commissioners of Jessamine county completed the tabulation of the votes, they locked the stub books in the ballot boxes instead of leaving them in the custody of the county clerk. On August 19 the appellant filed a motion to require the election commissioners to open the ballot boxes and remove the stub books for the purpose of affording him an opportunity to examine and inspect them. The special judge agreed upon by the parties to try the case, the regular judge being disqualified, set the motion for hearing on Monday, August 21, 1933. The motion was sustained and the county election commissioners were directed to meet on August 23, 1933, and to open the ballot boxes and remove the stub books therefrom and turn them over to the clerk of the Jessamine county court to be kept by him as records in his office. When appellant offered to file his amended petition on August 31, 1933, he filed his affidavit in which he set out substantially the above facts as reasons for his delay in making his petition more specific by naming the alleged illegal voters. On this appeal the only ground urged for the reversal of the judgment is that the trial court erred in refusing to permit the amended petition to be filed.

The statute governing the procedure in primary election contests provides that:

"Any candidate who was voted for at any primary election under this act may contest the right of any candidate to the nomination claimed by him by filing a petition in the circuit court of the county of contestee's residence within 15 days from the day of the primary election stating the specific grounds relied upon for such contest, and causing a summons to be issued thereon, returnable in ten days, which summons may be served on contestee in any county or it may be served by leaving a copy with a member of his family (over 16 years of age) at his home or by posting a copy on the door of his residence. The contestee shall file his answer within ten days after service of summons, which answer may contain grounds of contest in favor of appellee and against appellant, but such grounds must be specifically set out and no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same. Contestant may file reply with-

in five days after answer is filed, which shall complete the pleading; the affirmative matter in the reply shall be treated as controverted."

Section 1550-28, Kentucky Statutes, 1933 Supplement. This section of the Statutes is section 28 of chapter 7 of the Acts of 1912 (Ky. Stats. sec. 1550-28), as amended by chapter 50 of the Acts of 1930. Prior to the 1930 amendment the statute on this subject authorized any candidate who had been voted for at a primary election to institute a contest by giving notice in writing to the person whose nomination he intended to contest, stating the grounds of such contest within five days from the time the election commissioners awarded the certificate of nomination to such candidate whose nomination had been contested. The 1912 act also provided that no additional grounds of contest should be set up in any reply, and the case should be tried upon the grounds of contest contained in the original notice of the contestant and the response of the contestee. Section 1596a-12 of the Kentucky Statutes relating to general elections, prior to its amendment in 1930, provided that a contest in the case of a county office might be instituted by filing a petition and causing process to be issued within ten days after the final action of the board of canvassers, and further that the petition should set forth the grounds of the contest relied on, and no other grounds should afterwards be relied upon.

An examination of the cases construing the statutes governing the procedure in election contests in both primary and general elections prior to the 1930 amendments, of which Marcum v. Melton, 231 Ky. 244, 21 S. W. (2d) 291; Grubbs v. Duffy, 230 Ky. 753, 20 S. W. (2d) 719; Hodges v. Murray, 240 Ky. 127, 41 S. W. (2d) 923, are illustrative, discloses the confusion which arose in ascertaining what constituted the final action of the board of canvassers. In order to clear up this confusion, the Legislature in 1930 amended section 1550-28 by fixing the time within which a contest must be instituted at fifteen days from the day of the primary election. At the same session of the Legislature section 1596a-12 was amended by fixing the time after a general election within which a contest must be filed at 30 days after the day of election. Acts 1930, c. 51, section 1596a-12, Kentucky Stats., 1933 Supplement.

In amending the statute prescribing the procedure

in primary election contests the Legislature went a step farther and provided that "no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same." There was an impelling reason for this provision. Approximately only ninety days elapse between the primary and the general election, and speed is essential in the disposition of a primary election contest in order that the name of the successful candidate may appear on the ballot in the general election. Prior to the enactment of the 1930 amendment to section 1550-28, this court had held that a ground of contest defectively stated might be amended after the time had expired for filing the contest. Sections 1550-28 and 1596a-12 were both construed so as to permit the filing of an amendment after the expiration of the time allowed for filing the notice of contest to perfect a ground of contest defectively stated. Burke v. Greer, 197 Ky. 555, 247 S. W. 715; Herald v. Turner, 237 Ky. 827, 36 S. W. (2d) 623; Hodges v. Murray, supra; Francis v. Sturgill, 163 Ky. 650, 174 S. W. 753; Siler v. Brown, 215 Ky. 199, 284 S. W. 997; Combs v. Brock, 240 Ky. 269, 42 S. W. (2d) 323; Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538. These and other cases cited therein held that when the elimination of illegal votes from the number certified forms the ground of contest, the names of the illegal voters must be alleged, but that if the original pleading failed to name the alleged illegal voters, it was merely defective, and in the cases decided prior to the passage of the 1930 amendment to the 1912 act, that such defect might be cured by an amendment, even after the time for filing the contest or counter contest had expired. This construction of the statute resulted in prolonging contest proceedings, and it was clearly the purpose of the Legislature to eliminate delays in primary election contest cases incident to such amendments when it inserted this clause in the act of 1930:

"No ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same."

The language used is clear and specific, and the provision is mandatory.

The right to contest the nomination of a candidate

in a primary election is one that may be granted or withheld by the Legislature, and when granted, it may be on such terms as the Legislature deems proper. We conclude that the trial court correctly ruled in refusing to permit the amendment tendered on August 31 to be filed.

Appellant suggests that chapter 50 of the Acts of 1930 violates section 51 of the Contitution, in that the title reads, "An Act to amend sections 1550-26 and 1550-28 of Carroll's Kentucky Statutes, 1922 Edition, relating to elections, canvassing returns thereof and procedure in contest thereof," and the body of the act provides for the repeal of section 1550-28 and the enactment of the present act in lieu thereof. It has been written in numerous opinions that the purpose of section 51 of the Constitution was to enable persons reading the title of an act to get a general idea of what the act contained and that the title must be fairly expressive of the context of the act. The act in question relates to only one subject, and that is elections, and the procedure governing contests thereof, and is expressed in the title. The act is not in contravention of section 51 of the Constitution. Mark v. Bloom, 141 Ky 474, 133 S. W. 203; Bryan v. Voss, 143 Ky. 422, 136 S. W. 884; Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017; Aldridge v. Commonwealth, 192 Ky. 215, 232 S. W. 619.

The constitutionality of the act was impliedly upheld in Combs v. Brock and Humbert v. Heyburn, supra.

The judgment is affirmed.

The whole court sitting.