## Dance v. Anderson et al.

Nov. 25, 1941.

432

Roy G. Garrison for appellant.

M. C. Anderson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

A local option election was held in La Center, Ballard County, in September, 1940. Those in favor of local option won by a vote of 153 to 113. Dance filed a petition contesting the election on several grounds. The court refused to permit him to file a second amended petition and sustained a demurrer to his petition. Upon his declining to plead further his petition was dismissed; hence this appeal.

Reversal is urged upon the grounds that (1) the local option petition did not contain the names of 25 per cent of the legal voters casting votes in the last general election; (2) the sheriff did not post five notices in each of the precincts in La Center; (3) persons residing out-

side the town limits voted in the election; (4) 40 persons voted outside the precincts in which they resided; (5) persons were electioneering for local option within 50 feet of the polls; (6) those so electioneering fraudulently induced 22 voters who intended to vote "No" on the proposition to vote "Yes" by stating to each of them that if they wanted to retain liquor in La Center to vote "Yes"; (7) the election officers were at all times within 15 feet of the voting booths; and (8) one of the election judges who was in favor of local option electioneered in behalf thereof in the room where votes were being cast and within 15 feet of the booth.

Dance charged on his first proposition that he was informed and believed it to be true that the petition did not have signed to it the names of a number of legal voters of the town of La Center equal to 25 per cent of the votes cast in the last general election because (a) some of the names and addresses were not correct; (b) the names of other persons were placed on the petition without their consent; (c) other names were the names of people residing outside the town of La Center and (d) if all such names had been removed from the petition it would have been inadequate. It can be seen that Dance neither named the persons whose names were said to appear illegally on the petition, nor did he give the number of such persons. We think the allegations on this point are too vague and indefinite to constitute a ground of contest. Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538; Combs v. Brock, 240 Ky. 269, 42 S. W. (2d) 323.

The allegations relating to ground 2 are as follows:

"Contestant further states that the Sheriff, Earl Johnson, one of the defendants herein, pretended to advertise the time and place of said election, by posting written or printed notices in La Center, Kentucky, but he failed to post the required number of such printed or written notices in each of the two precincts in La Center, therefore, said notice of election was for that reason null and void. The law requires that five such notices be posted in each precinct in La Center, making ten such notices, but the said Sheriff Johnson, did not post as many as ten notices therein, but only three notices in each precinct were posted."

Section 2554c-5 of the Statutes sets forth the manner in which notices of local option elections shall be given. It is the duty of the sheriff to have a certified copy of the order calling the election published in a weekly or daily newspaper in the county for at least two weeks before the election "and also to advertise same by written or printed handbills posted at not less than five conspicuous places in each precinct of the county for the same length of time when the election is held for the entire county; and when the election is ordered held in a city, town, district or precinct, then at five conspicuous places therein for the same length of time." It can be seen from the part of the statute just quoted that five notices must be posted in each precinct when the election covers the entire county, but when a unit smaller than the county is voting on the proposition it is directed that notice be published at five conspicuous places in the unit in which the vote is being taken. We have frequently held that it is the duty of the sheriff to follow the plain mandate of this statute. Wolfe County Liquor Dispensary Association v. Ingram, 272 Ky. 38, 113 S. W. (2d) 839; Terrill v. Taylor, 271 Ky. 475, 112 S. W. (2d) 658. It is admitted in the petition that there were six notices posted in the two precincts in the unit in which the vote was taken (the town of La Center). It is obvious, therefore, that the sheriff complied with the statute and that this contention is without merit.

Grounds 3 and 4 are baseless because the contestant should have named the persons whose votes he questioned, as well as the facts which rendered their votes ineligible. See authorities cited in connection with ground 1.

There is no basis for ground 5 standing alone, because it is not alleged that the secrecy of the ballot was not maintained. Feld v. Prewitt, 274 Ky. 306, 118 S. W. (2d) 700.

When grounds 5, 6, 7 and 8 are considered together there is the charge that, through fraudulent electioneering, 22 voters were induced to vote "Yes" when they intended to vote "No." The names of these 22 voters did not appear in the petition. The second amended petition sought to supply them. We have noted that the trial court refused to permit this amendment to be filed. Clearly the amendment was such as to correct a defect in the original petition. Burke v. Greer, 197 Ky. 555,

247 S. W. 715. But the question is, Was the refusal of the trial court to permit the filing of the second amended petition reversible error? We think not, for even if it be granted that the charges in grounds 5, 6, 7 and 8, taken together, constitute, in principle, a ground of contest, the subtracting of 22 votes from the total of 153 votes cast in favor of local option would not have changed the result of the election. There is no basis for the contestant's argument that the 22 votes should have been taken from the total number of votes cast in favor of local option and added to the total number cast against it. Illegal votes may be deducted from the total figure in which they have been included, but we know of no rule of law which would justify a court to add them to the votes cast on the other side of the proposition. It is the prerogative of voters and not courts to cast votes.

It follows from what has been said that the judgment should be and it is affirmed.

Whole Court sitting.